**Irvin Burless BARTLETT, Plaintiff,**

v.

**UNITED STATES of America, Respondent.**

**No. 65 C 88(1).**

United States District Court
E. D. Missouri, E. D.

April 7, 1965.

---

5. Compare Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963) (misin-

formed by Court); Aiken v. United States, 282 F.2d 215 (4th Cir. 1960) (misinformed by investigating officers); Heideman v. United States, 281 F.2d 805 (8th Cir. 1960) (misinformed by prosecutor); Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958) (defendant not represented by counsel at time of pleading, then sentenced under Youth Corrections Act); United States v. Davis, 212 F.2d 264 (7th Cir. 1954) (misinformed by counsel).

6. People ex rel. Thompson v. Noble, 231 F.Supp. 188 (S.D.N.Y.1964). See Fed.R. Crim.P. 32(c); United States v. Schwenke, 221 F.2d 356 (2d Cir. 1955).

Irvin Burless Bartlett, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

HARPER, Chief Judge.

The petitioner has filed a motion under 28 U.S.C.A. 2255 to vacate and set aside a sentence of thirteen years imposed on June 13, 1955. The judgment of conviction was entered upon petitioner's plea of guilty to Counts 1, 2 and 4 of a four-count information, the government having dismissed Count 3.

The substance of petitioner's charges are that the court erred in refusing to set aside the waiver of indictment, that the court was without jurisdiction, and that the plea of guilty was not properly entered.

The file contains a transcript of what occurred in court before the beginning of the trial, and this discloses that the petitioner appeared before the court on May 6, 1955, at which time he was represented by DeWitt Larson, an attorney whom he had hired. When the matter was called on the informal calendar to determine if the petitioner wanted to waive indictment and let the government proceed by filing an information, his attorney, Mr. Larson, stated that presentation to the grand jury would be waived, and he had the defendant sign the waiver for the government to proceed by filing an information. The information was filed, a plea of guilty was entered to all four counts of the information, and the petitioner was sentenced to twelve years. The first three counts of the information pertained to the selling of heroin and the fourth count pertained to the selling of marijuana.

A week later, on May 13, 1955, an application to set aside the sentence was filed by the petitioner and his attorney. It was represented to the court that the petitioner thought he was only charged with selling marijuana and did not realize he was charged with selling heroin at the time he entered his plea. His attorney attached a letter to the application stating that it was his understanding that he was only charged with selling marijuana.

While the petitioner had been given a copy of the proposed information on May 6th before he came into court, and according to the Marshal's office had purportedly read it, and his attorney on May 6th had stated that he thought there was only one heroin charge, and while the court was of the opinion that the attorney and his client were not completely truthful with the court and the court was unhappy with the conduct of the attorney, the court did on May 13th vacate the plea previously entered by the petitioner on May 6th, and the matter was passed to enable the petitioner to secure another attorney.

The petitioner was next before the court on May 20, 1955, at which time Mr. David Grant, an attorney, entered his appearance as attorney for the petitioner, and orally requested the court to permit the petitioner to withdraw his waiver to be prosecuted by information, which re-

quest was denied by the court, and by agreement the case was set for trial on June 13, 1955.

Thereafter, on May 31, 1955, the petitioner's attorney, David Grant, filed a motion to be permitted to withdraw his signed waiver, a motion for a bill of particulars, and a motion to suppress. The three motions filed were heard by the court on June 3, 1955, at which time five witnesses testified. Each of the motions was overruled by the court.

On June 13, 1955, the date of the trial, the petitioner entered a plea of guilty to Count 4 pertaining to marijuana, and proceeded to trial on Counts 1, 2 and 3, involving heroin. After the jury was impaneled and sworn and two of the government witnesses had testified, the defendant changed his plea as to Counts 1 and 2 with respect to heroin, and the government dismissed Count 3. The court sentenced the petitioner to thirteen years on the three counts to which he had pled.

The record shows that there is no merit in petitioner's contention in his motion. He was represented at all times by counsel whom he had hired. After his attorney had entered his plea of guilty the petitioner was asked by the court if that was his plea, and he advised the court that it was. He does not charge in the motion that he was improperly represented or that his attorney was not competent. Indeed, if he had done so, the facts would conclusively show to the contrary, because his last attorney has had much experience in criminal matters. His chief complaint is that the court should have done more than ask him if this was his plea, that the court should have permitted him after he was sentenced to withdraw his waiver and have the matter presented to the grand jury, a waiver which was signed when he had an attorney and witnessed by the attorney, an attorney of his own choice.

The petitioner makes some contention with respect to alleged remarks by the Assistant District Attorney who tried the case, but these allegations, if true, do not amount to a threat, and for the most part were alleged to have been directed to his attorney.

Motion of the petitioner is accordingly overruled in all particulars.